IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN LAVIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 09–cv–0477–MJR–DGW |
| | ) |
| DONALD SNYDER, et al., | ) |
| | ) |
| Defendants. | ) |

ORDER OF DISMISSAL

Reagan, District Judge:

Plaintiff John Lavin ("Lavin"), an inmate in the Menard Correctional Center, filed his *pro se* complaint on June 23, 2009, alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983 against 16 defendants (Doc. 1). After completing its preliminary review pursuant to 28 U.S.C. §1915A, this Court dismissed a number of Lavin's claims and a number of the defendants, but referred the remaining claims to Magistrate Judge Donald G. Wilkerson (*see* Doc. 15). On July 29, 2010, Defendant Adrian Feinerman, M.D. ("Dr. Feinerman"), filed his Answer to Lavin's complaint (Doc. 35). Then, on August 27, 2010, Lavin filed a Notice of Voluntary Dismissal as to five defendants, including Dr. Feinerman, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

By Order dated September 2, 2010, this Court noted that Lavin's Notice of Voluntary Dismissal was effective as to four Defendants—Hulick, Snyder, Bedinger and Grubman—but the Notice was ineffective as to Dr. Feinerman because he had already filed

an Answer (Doc. 46).  As a result, in regards to Dr. Feinerman only, this Court construed Lavin's Notice of Dismissal as a Motion for Order of Dismissal pursuant to FED. R. CIV. P. 41(a)(2), and directed Dr. Feinerman to file any objections (Doc. 46).  Dr. Feinerman has filed his response and the Court now rules as follows.

Rule 41(a)(1)(A)(i) authorizes a plaintiff to dismiss his or her case, or portions thereof, by filing a notice of dismissal at any time *before* the opposing party serves either an answer or a motion for summary judgment.  However, once an opposing party files either an answer or a motion for summary judgment, then a plaintiff may dismiss his or her case only via a stipulation of dismissal filed by all parties who have appeared, FED. R. CIV. P. 41(a)(1)(A)(ii), or by court order, "on terms that the court considers proper." FED. R. CIV. P. 41(a)(2).  "Voluntary dismissal pursuant to FED. R. CIV. P. 41(a)(2) is allowed at the district court's discretion." *Kunz v. DeFelice*, 538 F.3d 667, 677 (7th Cir. 2008)(citation omitted).  This discretion is abused "only if the defendant shows that [ ]he will suffer 'plain legal prejudice.'" *Id.*, *quoting Stern v. Barnett*, 452 F.2d 211, 213 (7th Cir. 1971).

Here, Dr. Feinerman has responded to Lavin's Motion for Order of Dismissal by requesting that this Court either grant the dismissal *with* prejudice or, in the alternative, enter summary judgment in his favor (Doc. 52).  The Court, however, finds unpersuasive Dr. Feinerman's arguments in support of either course of action.  First, granting summary judgment at this stage would be premature and imprudent because the record has not been adequately developed.  Moreover, if the Court proceeded down this path it would be required, at a minimum, to provide Lavin with notice and an opportunity to respond.

Second, Dr. Feinerman offers no compelling reason why this dismissal should be with prejudice. Dr. Feinerman claims that Lavin "did not timely respond to the Request to Admit," and has "failed to provide any evidence giving rise to the fact that Dr. Feinerman was personally involved in the allegations" (Doc. 52, ¶¶ 2, 5). Lavin submits that he filed his response late because he was expecting Dr. Feinerman to be dismissed from this action (Doc. 58, p. 2). Regardless, Lavin mailed his responses just two days past the deadline (*see* Doc. 60, p. 3), and Dr. Feinerman was in no way prejudiced by this slight delay. Furthermore, contrary to Dr. Feinerman's assertions, Lavin claims that Dr. Feinerman was personally involved in the allegations, and that Dr. Feinerman "turned a blind eye to Lavin's request to treat him with knowledge of his injurys [sic]" (Doc. 58, p. 4). Yet, in spite of this assertion, Lavin still requests that this Court dismiss Defendant Feinerman from this action *without* prejudice (*Id.* at p. 5). At bottom, Dr. Feinerman has failed to show that he would suffer any legal prejudice by being dismissed from this action without prejudice.

In light of the foregoing, Lavin's Notice of Dismissal—construed as a Motion for Order of Dismissal—is hereby GRANTED, *without* prejudice, pursuant to FED. R. CIV. P. 41(a)(2). Defendant Feinerman is hereby DISMISSED from this action *without* prejudice, and he SHALL be terminated as a party from the electronic record.

IT IS SO ORDERED.

DATED November 4, 2010.

s/ *Michael J. Reagan*
Michael J. Reagan
United States District Judge