IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN LAVIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 09−cv−0477−MJR−SCW |
| | ) |
| WARDEN HULICK, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**WILLIAMS, Magistrate Judge:**

  Before the Court are Plaintiff John Lavin's Motion for Appointment of Counsel (Doc. 76), Motion to Compel (Doc. 77) and Motion for Leave to Amend Complaint (Doc. 78). The Court will take up each of these motions in turn.

  Mr. Lavin's original Complaint (Doc. 1), as supplemented (Doc. 11), states eight counts against sixteen Defendants, alleging deprivations of his Constitutional rights pursuant to 42 U.S.C. § 1983 for excessive use of force, deliberate indifference to his medical needs, and retaliation for previously filing a lawsuit. After conducting a preliminary review of the Complaint, pursuant to 28 U.S.C. § 1915A, District Judge Reagan dismissed three counts and seven Defendants *with* prejudice (*see* Doc. 15, p. 12). Then, on August 27, 2010, Mr. Lavin filed a Notice of Dismissal (Doc. 40) pursuant to Federal Rule of Civil Procedure 41(A)(1), in which he attempted to voluntarily dismiss five more Defendants *without* prejudice. The Notice however was effective only as to four of the five named Defendants (*see* Doc. 46). One Defendant, Dr. Feinerman, had already filed an Answer and thus, could not be dismissed voluntarily. After the parties submitted papers briefing this issue, on November 4, 2010, District Judge Reagan dismissed Dr. Feinerman *without* prejudice (Doc. 62).

As such, only two counts and four Defendants remain in this action: Count 1 alleging excessive force against Defendants Prange, Krause, Best and Priddy[1]; and Count 3 alleging Defendants Prange and Best issued disciplinary tickets against him in retaliation "for the lawsuit he had pending against other officers at Menard" (Doc. 15, pp. 6-7).[2]

**Motion for Appointment of Counsel (Doc. 76)**

Based on the remaining claims and Defendants, as outlined above, the Court must now determine whether the appointment of counsel is warranted. A district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). However, there is no constitutional or statutory right to counsel for a civil litigant. *Stroe v. Immigration and Naturalization Services*, 256 F.3d 498, 500 (7th Cir. 2001); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). The decision of whether to appoint counsel ultimately lies within the sound discretion of the trial court. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (citing *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006)).

In determining whether to appoint counsel, the Court is directed to make a two-fold inquiry: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt*, 503 F.3d at 654 (citing *Farmer v. Haas*, 990 F.2d 319, 321-22

---

[1] In his Motion for Leave to File Amended Complaint (Doc. 78), Mr. Lavin notes his desire to substitute Correctional Officer (C/O) Purdom for C/O Priddy, as he recently discovered that he was mistaken as to the identity of the proper Defendant. The Court will take up this motion later herein.

[2] Prior to Mr. Lavin dismissing four Defendants voluntarily and the Court dismissing Dr. Feinerman, three other counts remained—Count 5 for deliberate indifference to his medical needs against Defendants Feinerman and Grubman; Count 6 for retaliation against Defendants Hulick and Snyder and Count 8 alleging retaliation against Defendant Bendinger. However, all of these Defendants have been dismissed from this action without prejudice and as a result, the corresponding Counts were implicitly dismissed as well.

(7th Cir. 1993)). The first prong of the analysis is a threshold question. If a plaintiff has made no attempt to obtain counsel on his own, the court should deny the request. *See Pruitt*, 503 F.3d at 655.

In analyzing whether a plaintiff is competent to litigate a case himself, the Court should consider the complexity of the case, and make a determination that is "particularized to the person and the case before the Court." *Santiago v. Walls*, 599 F.3d 749, 762 (7th Cir. 2010) (quoting *Pruitt*, 503 F.3d at 656). The Court is to look at a plaintiff's "literacy, communication skills, educational level, and litigation experience." *Santiago*, 599 F.3d at 762 (quoting *Pruitt*, 503 F.3d at 655). The Seventh Circuit cautions district courts to use "significant prudence" in assessing a plaintiff's ability to represent himself. *Id.*

Here, Mr. Lavin has met the threshold burden of showing that he has made reasonable attempts to obtain counsel on his own. Attached to his Motion for Appointment of Counsel are five letters from attorneys or legal clinics declining to represent Mr. Lavin in this action (*see* Doc. 76-1). The Court is therefore satisfied that Mr. Lavin's attempts to obtain counsel on his own were reasonable.

Regarding his ability to litigate the case himself, Mr. Lavin states that this action involves "substantial investigation and discovery," that the issues are complex and that it will likely involve conflicting testimony. Given the fact that only two claims against four Defendants remain in this action, the Court does not find this case to be overly complex. Further, almost every case is likely to involve conflicting testimony. However, the Court is concerned that discovery in this case has become increasingly difficult for Mr. Lavin, leading to unnecessary complications and more protracted litigation. Appointment of counsel will assist Mr. Lavin and the Court with a more efficient resolution of this action. In light of its substantial discovery concerns, the Court hereby **GRANTS** Mr. Lavin's Motion for Appointment of Counsel (Doc. 76).

Accordingly, attorney **Ted N. Gianaris, of the law firm Simmons, Browder, Gianaris, Angelides & Barnerd LLC in East Alton, Illinois**, is hereby **APPOINTED** to represent Mr. Lavin *in this action only* pursuant to Southern District of Illinois Local Rule 83.1(i).[3]  Attorney Gianaris **SHALL** file his entry of appearance **on or before Friday, February 18, 2011.**  The Clerk of Court is directed to send Mr. Gianaris a copy of this Order immediately.

### Motion to Compel (Doc. 77)

In light of the foregoing, Mr. Lavin's Motion to Compel Discovery is **DENIED** *without* prejudice.  A similar motion may be refiled if Mr. Lavin's newly appointed counsel believes such a motion is warranted.  The Court notes that Defendants filed a response to this motion (Doc. 79) in which they object to most, if not all, of Mr. Lavin's contentions that he has received inadequate discovery to date.  The Court denies Mr. Lavin's motion without prejudice in the hopes that the parties will now be able to work more effectively toward resolving their ongoing discovery dispute.

### Motion for Leave to Amend Complaint (Doc. 78)

In Mr. Lavin's Motion for Leave to Amend Complaint (Doc. 78), he states that initially, due to his lack of eye glasses, he was unable to correctly identify one of the defendants.  But recently, he discovered that Correctional Officer Purdom, and not Officer Priddy, was the defendant that he had originally intended to name.  The Court finds Mr. Lavin's explanation reasonable.  However, the Court agrees with Defendants that any determination regarding how the applicable statute of limitations may apply to this newly added party is premature.  As a result, Mr. Lavin's Motion for Leave to Amend (Doc. 78) is hereby **GRANTED**, but only to the extent that Officer Purdom will be added and will replace Defendant Aaron Priddy as a party to this action.

---

[3] Under SDIL-LR 83(i), every member of the bar of this Court shall be available for appointment to represent or assist in the representation of those who cannot afford to hire an attorney.  The Court greatly appreciates the public service and assistance of members of the Bar who voluntarily represent indigent litigants.

Accordingly, Mr. Lavin's newly appointed counsel **SHALL** file an Amended Complaint adding Officer Purdom as a party to this action—and substituting him for Defendant Aaron Priddy—**on or before Friday, March 18, 2011.** Once the Amended Complaint has been filed, the undersigned Magistrate **RECOMMENDS** that Defendant Priddy be DISMISSED *with* prejudice as a party to this action.

**IT IS SO ORDERED**.

DATED February 10, 2011

/s/ **Stephen C. Williams**
STEPHEN C. WILLIAMS
United States Magistrate Judge