IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN LAVIN, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 09−cv–0477–SCW |
| | ) |
| DOUGLAS KRAUSE, MARK PRANGE, JAMES BEST, C/O PURDOM, | ) |
| | ) |
|       Defendant. | ) |

# MEMORANDUM & ORDER

**WILLIAMS, Magistrate Judge:**

### BACKGROUND

This § 1983 case is before the Court on Defendant Matt Purdom's Motion for Summary Judgment (Dkt. 114), in which Purdom argues that Plaintiff John Lavin's case against him is time-barred by the statute of limitations. Lavin, pointing to Federal Rule of Civil Procedure 15(c), counters that his Amended Complaint (where Purdom is first named as a defendant) "relates back" to the timely-filed original Complaint.

The instant suit springs from Lavin's allegations that, on June 20, 2007, while incarcerated at Menard Correctional Center in Illinois, the defendants overtightened his handcuffs, slammed him into a wall, and pushed him across the prison yard. (Lavin also claims that Defendants Prange and Best issued him a disciplinary ticket in retaliation for filing a separate suit against correctional officers). Lavin exhausted his administrative remedies, a process which lasted from July 15, 2007 until October 2, 2007.[1] He filed suit in this district on June 23, 2009. On January 12,

---

[1] The Prison Litigation Reform Act, 42 U.S.C. § 1997e, requires all inmates to exhaust administrative remedies with the prison system before filing suit in federal Court. *See Pavey v. Conley*, 544 F.3d 739. The defendants initially asserted, but

2011, Lavin moved for leave to amend his complaint so as to add Defendant Purdom. (Dkt. 78). After counsel was appointed, and with the Court's leave, Lavin amended his complaint to include Defendant Purdom on May 2, 2011. (See Dkt. 96, Dkt. 100). Purdom invoked a statute of limitations defense in his July 2011 Answer (Dkt. 103), and renews that argument in the instant motion, which he filed on June 15, 2012 (Dkt. 114). Plaintiff filed his response on June 22, 2012, and the motion is now ripe for ruling. (Dkt. 117).

## ANALYSIS

Since § 1983 does not contain a statute of limitations, the forum state's statute of limitations for personal injury claims controls. **Johnson v. Rivera, 272 F.3d 519, 521 (7th Cir. 2001).** Statutes of limitation "represent society's recognition that predictability and finality are desirable, indeed indispensable, elements of the orderly administration of justice that must be balanced against the right of every citizen to seek redress for a legally recognized wrong. **Sundance Homes, Inc. v. Cnty. of DuPage, 195 Ill.2d 257, 253 Ill.Dec. 806, 746 N.E.2d 254, 260 (2001).** Illinois' two-year personal injury statute of limitations (735 ILCS 5/13-202) is tolled while a prisoner exhausts his administrative remedies (*see* 735 ILCS 5/13-216). The instant suit is based on an incident that occurred in June 2007. Because the statute of limitations was tolled until October 2, 2007, while Lavin exhausted his administrative remedies, the limitations period did not expire until October 2, 2009. Lavin filed his original Complaint on June 23, 2009; his suit was timely filed.

The original Complaint, however, did not include Defendant Purdom, who was not named until May 2, 2011, well after the limitations period ended. So unless Lavin can find a way past Purdom's statute of limitations defense, his suit against Purdom is time-barred. Among the

---

subsequently withdrew, the affirmative defense of failure to exhaust. The dates pertaining to Lavin's administrative exhaustion are undisputed.

doctrines that provide relief from a statute of limitations is "relation back." **Springman v. AIG Mktg., Inc., 523 F.3d 685, 688 (7th Cir. 2008).**

Federal Rule 15(c) controls whether an amended complaint relates back to the date of a timely filed complaint "and is thus itself timely even though it was filed outside an applicable statute of limitations." **Krupski v. Costa Crociere S.p.A., -- U.S. ----, 130 S.Ct. 2485, 2489 (2010).** The public policy at the root of a statute of limitations is not undermined by relation back, since a party on notice — long before the limitations period expires — that he is an intended defendant, and who suffers no harm from the failure to have been named at the suit's inception, is in the same position as a timely sued defendant. **Joseph v. Elan Motorsports Techs. Racing Corp., 638 F.3d 555, 558 (7th Cir. 2011). See id. at 560 ("A potential defendant who has not been named in a lawsuit by the time the statute of limitations has run is entitled to repose — unless it is or should be apparent to that person that he is the beneficiary of a mere slip of the pen, as it were.") (internal quotation marks on citations omitted).**

An amended complaint relates back to the date of the original one if (1) the defendant sought to be added knew or should have known that the plaintiff, had it not been for a mistake, would have sued him instead of (or in addition to) suing the named defendant, and (2) the delay in the plaintiff's discovering his mistake did not impair the new defendant's ability to defend himself. **Joseph 638 F.3d at 559–60.** The new defendant must be on notice of the action within 120 days of the filing of the original complaint. **FED. R. CIV. P. 15(c)(1)(C).**

Here, Lavin claims he should be allowed to sue Purdom because he was mistaken as to Purdom's identity when he first filed suit. But that is not the crux of the relation back standard. The inquiry focuses on the state of mind of the potential defendant as it pertains to the suit that has been filed, not the underlying incident. Nothing on the record indicates Purdom knew about (or should have known about) Lavin's case until Purdom filed his answer in July 2011 — over two years

after Lavin filed the original Complaint. Plaintiff argues that Purdom had constructive knowledge of this case because Purdom squeezed Plaintiff's handcuffs on June 20, 2007. But that would be the central issue at trial, and the very purpose of a statute of limitations is to protect the "strong interest in repose" of a defendant who legitimately believed that the limitations period had passed without suit. **Krupski, 130 S.Ct. at 2494.** Allowing relation back based on a case's central allegations would provide an exception to the statute of limitations that swallowed the rule: a defendant would effectively need to adjudicate the case in order to show that relation back is unwarranted. Thus, the issue is not whether a defendant knows of facts that might lead to a lawsuit, but whether a defendant is on notice of a suit that has been filed in which he should have expected to be named.

The burden to show Purdom knowledge of the case is on Lavin. **See Farrell v. McDonough, 966 F.2d 279, 283 (7th Cir. 1992).** And though Purdom apparently did respond to discovery requests (*see* Dkt. 117, p. 7), Plaintiff did not append any of Purdom's discovery responses to the instant motion. Those could have shown, perhaps, that Purdom had even an inkling about this case. In short, Purdom is entitled to repose: nothing indicates he knew of or should have known about the instant case during the 120-day period immediately after the original Complaint was filed. **See Jackson v. Kotter, 541 F.3d 688, 696 (7th Cir. 2008) ("[a] plaintiff cannot, after the statute of limitations period, name as defendants individuals that were unidentified at the time of the original pleading."); Hall v. Norfolk Southern Ry. Co., 469 F.3d 590, 596 (7th Cir. 2006) ("It is the plaintiff's responsibility to determine the proper party to sue and to do so before the statute of limitations expires.").** Lavin's claims against Purdom do not relate back to the original Complaint, and are therefore time-barred.

## CONCLUSION

For the foregoing reasons, Defendant Matt Purdom's Motion for Summary Judgment (Dkt. 114) is **GRANTED,** and the claims against him are **DISMISSED with prejudice.**

The case remains set for trial on July 9, 2012, at 9:00 a.m. in the Federal Courthouse in East St. Louis, Illinois.

**IT IS SO ORDERED.**
**DATE: <u>July 2, 2012</u>**                    <u>/s/ *Stephen C. Williams*</u>
                                                **STEPHEN C. WILLIAMS**
                                                United States Magistrate Judge